

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **MEDLINE INDUSTRIES,** ) | |
| ) | |
| Plaintiff, ) | Case No. 08 C 5867 |
| ) | |
| v. ) | Judge Charles R. Norgle |
| ) | |
| **KELLY LIZZO** nee ) | Magistrate Judge |
| **SULLIVAN,** ) | Martin C. Ashman |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Medline Industries, Inc. ("Plaintiff") sued Kelly Lizzo nee Sullivan ("Defendant") for, among other things, misappropriation of trade secrets. This matter comes before the Court on Plaintiff's Motion for Sanctions Against Attorney Pinzur. This Court rules on this Motion under Judge Charles R. Norgle's referral of this case for discovery supervision pursuant to Local Rule 72.1. For the foregoing reasons, the Court grants Plaintiff's motion.

### I. Background

Plaintiff sued Defendant on the following claims: violation of the computer fraud and abuse act, 18 U.S.C. § 1030; breach of contract; misappropriation of trade secrets; and breach of fiduciary duty. Essentially, these claims are based on allegations that Defendant e-mailed various confidential files to herself, left the company, and disclosed to her new employer, TwinMed, LLC ("TwinMed"), those files and the information contained therein.

Plaintiff filed the Motion before this Court after its lawyer flew to Florida with a high-level employee and conducted a deposition of a third-party witness, Carlene Russo ("Russo"). Russo, who left Medline for a job at TwinMed, appeared at the deposition with her counsel, Robert Pinzur ("Pinzur").

During the deposition, Russo testified that she was a former Medline Employee and that she knew Defendant while employed at TwinMed. (Russo Dep. 157:7-158:23, May 18, 2009.) She also stated that she and other employees flew to California for TwinMed training in September 2008. (Russo Dep. 88:13-90:6.) She further stated that, prior to these sessions, TwinMed's President of National Accounts,[1] Terry Hunt ("Hunt")–formerly Medline's President of National Accounts–sent an e-mail to Ms. Russo and others requesting that they bring "competitive pricing information" to the meeting. (Russo Dep. 27:16-29:19; 59:15-60:10; 143:10-153:11.) The deposition, however, was cut short. Plaintiff contends this resulted from Pinzur's approximately 250 objections–nearly all based on relevance–and approximately 75 instructions that Russo not answer various questions.

## II. Discussion

### A. Deposition Conduct

Plaintiff claims sanctions against Pinzur are appropriate because Pinzur directed a deponent not to answer in violation of FED. R. CIV. P. 30 ("Rule 30"). (Pl.'s Mot. for Sanctions ("Pl.'s Mot.") 4-8.) Pinzur responds that his objections were proper because the questions asked

---

[1] Russo did state that she thought Hunt was an employee of Medline, but she could not identify his title at TwinMed. (Russo Dep. 29:8-11; 153:7-11.) Hunt's title at TwinMed, as stated here, is the one given by Medline in its motion.

called for irrelevant information. (Pinzur's Resp. to Pl.'s Mot. ("Pinzur's Resp.") 2-9.) Rule 30 sets forth, among other things, the procedures for examining deponents. Specifically, it states that "[a]n objection at the time of the examination . . . must be noted on the record, but the examination still proceeds." FED. R. CIV. P. 30(c)(2). Objections "must be stated concisely in a nonargumentative and nonsuggestive manner." *Id.* Instructions not to answer a question may be given "only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)." *Id.* In other words, "unless the attorney claims the question calls for privileged information" or calls for information the court *previously* ruled out, "the attorney must only state his objection and allow the client to answer." *Amari v. Burgess*, No. 07-1425, 2009 WL 1269704, at *1 (April 30, 2009) (citing *Eggleson v. Chicago Journeymen Plumbers' Local Union*, 657 F.2d 890, 902 (7th Cir. 1981)).[2]

---

[2] Rule 30(d)(2) further provides that "[t]he court may impose an appropriate sanction — including the reasonable expenses and attorney's fees incurred by any party — on a person who impedes, delays, or frustrates the fair examination of the deponent." The committee's note indicates that objections should be kept to a minimum during a deposition, and "ordinarily should be limited to those that under Rule 32(d)(3) might be waived if not made at that time, i.e., objections on grounds that might be immediately obviated, removed, or cured, such as to the form of a question or the responsiveness of an answer." FED. R. CIV. P. 30(d)(3), 1993 advisory committee's note. That admonition dovetails with the committee's further observation that "[d]irections to a deponent not to answer a question can be even more disruptive than objections." FED. R. CIV. P. 30(d)(3), 1993 committee's note. Following that line of logic, the Court observes that "making . . . an excessive number of unnecessary objections may itself constitute sanctionable conduct." FED. R. CIV. P. 30(d)(3), 1993 advisory committee's note.

Nearly all of Pinzur's approximately 250 objections related to relevance. These, in and of themselves, constitute sanctionable conduct. Since these objections were not required to exclude evidence, Pinzur should not have made them at all, or at least made them much less frequently. *See* FED. R. CIV. P. 32(d)(3) ("An objection to a deponent's competence — or to the competence, relevance, or materiality of testimony — is not waived by a failure to make the objection before or during the deposition, unless the ground for it might have been corrected at that time."); FED. R. CIV. P. 32(b) ("Subject to Rules 28(b) and 32(d)(3), an objection may be made at a hearing or trial to the admission of any deposition testimony that would be inadmissible if the

(continued...)

Rule 30's text allows the Court to easily dispose of Pinzur's argument that he properly instructed Russo not to answer on relevancy grounds. Rule 30 provides three grounds for instructing a deponent not to answer, and relevance is not among them. Pinzur's instructing the deponent not to answer based on relevance is therefore improper.

Pinzur, though, is no one-trick pony– he also argues that he properly instructed the witness not to answer under FED. R. CIV. P. 30(d)(3). (Pinzur's Resp. 9.) Under this Rule, "the deponent or a party may move to terminate or limit [the deposition] on the ground that it is being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party." FED. R. CIV. P. 30(d)(3). The Seventh Circuit has held that the proper course of action under Rule 30(d)(3) is to "halt the deposition and apply for a protective order." *Redwood v. Dobson*, 476 F.3d 462, 467 (7th Cir. 2007).

Pinzur did, as he puts it, "repeatedly move[] to limit the deposition to questions relevant to the Complaint or [to] inquiries [that] could possibly lead to admissible evidence." (Pinzur's Resp. to Pl.'s Supp. Brief; Pinzur's Mot. to Limit 1-2.) Although he formally moved to limit the deposition on July 5, 2009, by filing a motion under Rule 30(d)(3), Pinzur never contended that he made this motion because the deposition was being conducted in "bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party." FED. R. CIV. P.

---

[2](...continued)
witness were present and testifying."). That is not to suggest that objections on the grounds of relevance will, in every case, be improper; but approximately 250 of these relevance objections cannot hide from impropriety. Thus, Pinzur's argument that he properly objected 250 times based on relevance is wrong, and his relevance objections were unnecessary since failure to make them would not have waived relevancy at trial.

30(d)(3). Pinzur's motion is based solely on the relevance of the questions, which is an improper ground for a motion under Rule 30(d)(3).

Even if Pinzur had made this motion on proper grounds, which he did not, the Court would still find his motion improper. Pinzur's belated motion to limit the deposition is nothing but an attempt to cover-up his improper conduct. Pinzur never terminated the deposition or stated that he was making a motion under Rule 30(d)(3). His claim that he did so when he said "it will be up to the judge to decide" is disingenuous. (Pinzur's Mot. to Limit 2.) That statement was made in the context of one of his many relevance objections; it did not even hint that Plaintiff's counsel was conducting the deposition in bad faith or in a manner that unreasonably annoyed, embarrassed, or oppressed Russo.[3] (Russo Dep. 108:3-110:18.) Rule 30(d)(3) honors objections based on the manner in which the deposition is being conducted, not those based only on the relevance of the questions being asked. FED. R. CIV. P. 30(d)(3). Furthermore, Pinzur has not attempted to justify his delay in filing his motion–a period of nearly two months.[4]

For all of these reasons, the Court finds Pinzur's conduct sanctionable under Rule 30. The Court finds that Plaintiff is entitled to depose Russo again in Tampa, Florida. As discussed below, this deposition will take place at Pinzur's expense.

---

[3] Moreover, Pinzur failed to state on the record he was making a motion under Rule 30(d)(3), failed to terminate the deposition at this time, and failed to file a formal motion for nearly two months thereafter.

[4] Pinzur claimed at oral argument that he could not file this motion because he did not have a transcript of the deposition. But the argument revealed that Pinzur lacked a transcript of *a prior court hearing*, not of the deposition. Pinzur did not need the transcript of the prior hearing to file a motion under Rule 30(d)(3), which concerns improper conduct during a *deposition*. Further obliterating this argument is the fact that Pinzur waited until to file his 30(d)(3) motion until nearly a month after Plaintiff filed his motion for sanctions, which *included a copy of the deposition transcript*.

**B.  Prospective Relief**

Although the Court has ruled that Pinzur's objections and instructions not to answer were improper, it has not decided whether the relevance objections, by themselves, have merit. Pinzur argues that his objections were meritorious because none of the questions were relevant to the allegations in the complaint. Plaintiff counters by categorizing his questions into five types, stating each category is relevant for discovery. These questions regarded (1) what Medline information was produced at TwinMed's California training sessions (Pl.'s Supp. Brief in Supp. of Mot. 7); (2) Hunt's recruiting methods (*id.* at 8); (3) a larger effort to steal Medline's trade secrets (*id.* at 10); (4) TwinMed's efforts to obtain Medline's pricing through other individuals (*id.* at 12); and (5) evidence of Russo's bias and credibility (*id.* at 13).

While the scope of discovery is broad and the definition of "relevance" expansive, they both have their limits. FED. R. CIV. P. 26(b)(1). Rule 26 was amended in 2000, "signal[ing] to the court that it *has the authority to* confine discovery to the claims and defenses asserted in the pleadings, and signals to the parties that they have no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings." FED. R. CIV. P. 26(b), 2000 committee's note (emphasis added). Thus, the court can, but need not, limit discovery to those matters in the pleadings. *Id.*; *Murata Mfg. Co., Ltd. v. Bel Fuse*, 422 F. Supp. 2d 934, 944-45 (N.D. Ill. 2006). In other words, while "the scope of discovery is generally limited to information 'which is relevant to the subject matter involved in the pending action,'" *Piacenti v. General Motors Corp.*, 173 F.R.D. 221, 224 (N.D. Ill. 1997) (quoting *National Paint & Coatings Ass'n v. City of Chicago*, 147 F.R.D. 184, 185 (N.D.Ill.1993) (citing Fed.R.Civ.P. 26(b)(1)), it should not be restricted such that it fails to "clarify what the issues are." *Murata*, 422 F. Supp. at 944-45.

The Court finds that Plaintiff's categories correctly identify relevant information that relates to the claims and defenses asserted in the pleadings. These questions seek information relating to the theft, dissemination, and use of trade secrets, which is exactly what this case is all about. The pleadings allege, among other things, theft of trade secrets. Information about how the trade secrets were stolen, by whom, where they were transmitted, and how they were used are all relevant. While some of Plaintiff's questions may seek "information [that may] not be admissible at trial," they are "reasonably calculated to lead to the discovery of admissible evidence" and, therefore, are permissible. FED. R. CIV. P. 26(b)(1). Therefore, this Court finds overrules all of Pinzur's objections.

### C. Fees

This Court already has determined that Pinzur's conduct was sanctionable. The remaining question is the amount of the sanction. Pinzur argues that "Plaintiff has failed to provide any itemization of the attorney[s'] fees incurred," and that "there is no evidence as to the reasonableness of the fee rates claimed by Plaintiff's counsel." (Pinzur's Resp. 9.)

Under Rule 30(d)(2), "[t]he court may impose an appropriate sanction--including the reasonable expenses and attorney's fees incurred by any party--on a person who impedes, delays, or frustrates the fair examination of the deponent." While the fees of Plaintiff's attorney may be reasonable, Plaintiff's motion did not specify his rates or hours expended; it stated only the monetary amounts he incurred. (Pl.'s Mot. Ex. B at 1-4.) In any event, the Court finds that the fees for the previous deposition should not be compensated. Instead, the Plaintiff is entitled to the fees incurred in preparing and responding to the motions currently before the Court, as well as

the reasonable fees he incurs in preparing for, attending, and taking Russo's second deposition in Tampa, Florida. The Court gives Plaintiff leave to file, after Russo's second deposition has been taken, a petition for fees with respect to all compensable conduct identified in this Opinion. This fee petition should include details about the attorneys' billing rates and hours expended, and should explain why the fees requested are reasonable.

### III. Conclusion

For the foregoing reasons, the Court grants Plaintiff's motion for sanctions. The Court also overrules all of Pinzur's objections and orders that a second deposition of Russo take place. The objections made at that deposition, if any, should be consistent with this Opinion. Plaintiff is entitled to reasonable fees incurred in connection with this motion and Russo's future deposition. Plaintiff is given leave to file this petition for fees within fourteen days after Russo's future deposition.

**ENTER ORDER:**

MARTIN C. ASHMAN
United States Magistrate Judge

Dated: October 6, 2009.